HAZOURI, J.
When D.B. was fifteen she was charged with possession of ecstasy with intent to sell, possession of ecstasy, and trafficking in ecstasy. D.B. pled no contest to possession of ecstasy with intent to sell. The State, in turn, entered a nolle prosequi for the other two charges. In its Pre-Disposition Report, the Florida Department of Juvenile Justice noted D.B.’s lack of previous supervision history with the DJJ, D.B’s score as a low risk re-offender, and D.B.’s supportive home and educational environment. Based on this information, the DJJ recommended that D.B. be placed on juvenile probation. The trial court departed from the DJJ’s recommendation, imposing a moderate risk residential program. In doing so, it cited the seriousness of the offense and the protection of the community from such crimes.
After the trial court entered its order, however, the Florida Supreme Court de *876 cided E.A.R. v. State, 4 So.3d 614 (Fla. 2009). In that decision, the supreme court “announced a new, more rigorous analysis in which a trial court must engage before departing from DJJ’s recommendation.” M.J.S. v. State, 6 So.3d 1268, 1269 (Fla. 1st DCA 2009).
In this case, the trial court’s explanation for departing from the DJJ’s assessment and recommendation is not in accordance with the required analysis set forth by the supreme court in E.A.R. We, therefore, “reverse and remand to provide the trial court an opportunity to enter an order in compliance with EAR., or, if the court cannot, impose the probation recommended by the DJJ.” Id.

Reversed and Remanded.

GERBER, J., concurs.
FARMER, J., concurs in result only.